# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.

JOHN JUSTIN WILLIAMS

Case No. 6:24-cr-199-WWB-RMN

## **ORDER**

This matter is before the Court on John Justin Williams' Emergency Motion for Temporary Release (Dkt. 30), filed February 20, 2025. The Court held a hearing on the motion on February 20, 2025. Dkt. 32.

A district court "may . . . permit the temporary release of [a defendant], in the custody of a United States marshal or another appropriate person, to the extent that the [district court] determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). "The defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i)." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020).

While the Court has sincere sympathy for Mr. Williams and his family's loss, the Court finds, as stated on the record at the hearing, that he has not established that his temporary release is necessary for "another compelling reason." Courts considering

similar requests have reached similar conclusions because "the relief authorized by Section 3142(i) is to be used *sparingly*." *United States v. Toledo Pardo*, No. 2:22-cr-00151, 2023 WL 4641055, at *1 (W.D. Wash. July 20, 2023) (denying detainee's motion for a five-hour temporary release "based on his desire to attend his cousin's funeral to honor him and grieve with his family") (cleaned up and emphasis added); *see also United States v. Sibley*, No. 23-cr-00486, 2024 WL 2923912, at *2 (D. Colo. June 10, 2024) (denying motion for temporary release so detainee can attend his grandmother's funeral because detainee did not establish "another compelling reason"); *United States v. Esquibel*, No. 1:15-cr-02731, 2023 WL 6481140, at *1-2 (D.N.M. Oct. 5, 2023) (denying request for a ten-hour release from custody to attend father's funeral, recognizing that "many detained defendants lose loved ones while in custody," and holding that "[t]emporary release to attend funerals would drastically increase the use of § 3142(i) and is not a 'compelling' reason that justifies temporary release under that statute"); *United States v. Wood*, No. 21-cr-385, 2022 WL 1689511, at *1 (W.D. Pa. May 26, 2022) (finding that attending an aunt's funeral was not a compelling reason under Section 3142(i) where the defendant was charged with a drug trafficking offense carrying a term of not less than ten years and up to life imprisonment; had a history of prior drug-related and firearms offenses; had committed multiple new offenses while on bail or probation; and had a history of failures to appear for court); *United States v. Merayo*, No. 1:21-cr-00740, 2021 WL 6134683, at *1 (D.N.M. Dec. 29, 2021) (finding that attending a grandmother's funeral was not a compelling reason for temporary release under Section 3142(i)); *United States v. Jackson*, No. 15-40065-01-DDC,

2020 WL 7626539, at *1 (D. Kan. Dec. 22, 2020) ("The court fully understands Mr. Jackson's desire to grieve his grandfather alongside other family members. And in ordinary circumstances, attending a beloved family member's funeral would qualify as a compelling event. But the court must deny the motion because Mr. Jackson's own conduct renders him untrustworthy for temporary release."); *United States v. Navarro*, No. 2:19-cr-56, 2020 WL 5877816, at *1-2 (D. Nev. Oct. 2, 2020) (rejecting argument that the death of detainee's father and "attendance at the subsequent funeral is such a unique and compelling circumstance that § 3142(i) warrants release," in light of the defendant's record of multiple felony convictions, arrests for violations of the terms of release, and his current charges of committing, while on probation, crimes that included distributing and possessing with intent to distribute controlled substances).

For these and the reasons stated on record at the hearing, the motion will be denied.

Accordingly, it is **ORDERED** that John Justin Williams' Emergency Motion for Temporary Release (Dkt. 30) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 20, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record